UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

TELLIS T. WILLIAMS,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

Criminal Case Number 09-00090
Civil Case Number 16-01336
Honorable David M. Lawson

## ORDER DENYING MOTION TO VACATE SENTENCE

On June 10, 2016, petitioner Tellis Williams filed a motion to vacate his sentence under 28 U.S.C. § 2255. Williams pleaded guilty to one count of armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d). On December 7, 2009, he was sentenced as a career offender to 168 months in prison. The Career Offender Guideline, U.S.S.G. § 4B1.1, provides for an increased offense level based on prior convictions of a "crime of violence," defined under the Career Offender Guideline, U.S.S.G. § 4B1.2(a) (the so-called "residual clause" of the career offender guideline). Two of the convictions on which the Court relied in assessing his Career Offender status were for aggravated burglary, and the Court found that those convictions qualified under the residual clause as "crimes of violence."

In his motion, the petitioner argues that, because the Sixth Circuit has held that the residual clause in the relevant section of The Sentencing Guideline Manual is unconstitutionally vague, he is entitled to resentencing under the lower guidelines that would apply if his base offense level were not enhanced otherwise. In an amended motion to vacate, the petitioner expanded on his challenge to the Career Offender Guideline, and he asserts that he did not, by filing an amended motion, intend to abandon any issues raised in the original motion. However, the only issue presented by both the

original and amended motions is the challenge to the scoring of the burglary convictions under the Career Offender provision. In light of the Supreme Court's recent ruling in *Beckles v. United States*, --- U.S. ---, 137 S. Ct. 886, 890 (2017), that challenge is without merit.

A federal prisoner challenging his sentence under section 2255 must show that the sentence "was imposed in violation of the Constitution or laws of the United States," the sentencing court lacked jurisdiction, the sentence exceeds the maximum penalty allowed by law, or the conviction "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "A prisoner seeking relief under 28 U.S.C. § 2255 must allege either: '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'" *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)).

"[I]n *Johnson v. United States*, 576 U.S. ---, 135 S. Ct. 2551 (2015), [the Supreme Court held] that the identically worded residual clause in the Armed Career Criminal Act of 1984 (ACCA), 18 U.S.C. § 924(e)(2)(B), was unconstitutionally vague." *Beckles v. United States*, --- U.S. ---, 137 S. Ct. 886, 890 (2017). Following that decision, in *United States v. Pawlak*, 822 F.3d 902, 903 (6th Cir. 2016), the Sixth Circuit concluded that the Court's reasoning in *Johnson* "compels the same result for [the] identical 'residual clause' in the U.S. Sentencing Guidelines," and held that the residual clause of the Career Offender guideline also was unconstitutionally vague. However, on March 6, 2017, the Supreme Court reversed that decision, holding that "[b]ecause the advisory Sentencing Guidelines are not subject to a due process vagueness challenge, § 4B1.2(a)'s residual clause is not void for vagueness." *Beckles*, 137 S. Ct. at 897.

The challenge to the residual clause of the Career Offender guideline that the petitioner raises in his motion and amended motion squarely was rejected by the Supreme Court in its decision in *Beckles*, and the petitioner's motion and amended motion do not assert any other grounds for relief. The petitioner has failed to establish that he is being held under an unlawful sentence, and his motions therefore will be denied.

Accordingly, it is **ORDERED** that the petitioner's motion and amended motion to vacate sentence [dkt. #1, 6] are **DENIED**.

                                              s/David M. Lawson
                                              DAVID M. LAWSON
                                              United States District Judge
                                              Sitting by Special Designation

Dated: May 10, 2017